**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4854

THADESE MOORE, a/k/a Boss,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-97-839)

Submitted: June 29, 1999

Decided: October 15, 1999

Before ERVIN* and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lionel S. Lofton, LOFTON & LOFTON, P.C., Charleston, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Cam-
eron G. Chandler, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____
*Judge Ervin was assigned to the panel in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d) (1994).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thadese Moore, Sr., was convicted pursuant to his guilty pleas to drug and money laundering charges. On appeal, Moore alleges that the district court erred by denying his motion for a downward departure based on diminished mental capacity.[1]  Finding no reversible error, we affirm.

For approximately twelve years, Moore operated a major drug distribution conspiracy in and around Orangeburg, South Carolina. Moore also engaged in several financial transactions involving the proceeds of his illegal drug activities, often titling assets in his children's names. During sentencing, Moore, who was sixty-four years old at the time, presented evidence showing that he had only a sixth grade education and limited intellectual capabilities. The Government responded by presenting evidence showing that while Moore did not have a lot of formal education, he was very "street wise" and fully capable of understanding the criminal nature of his activities and making informed, reasonable decisions concerning his many business ventures, both legitimate and illegitimate. The district court agreed with the Government and further found that Moore was not entitled to a departure because any reduction in his mental capacity had nothing to do with his commission of the offense.

A district court's decision not to grant a downward departure is not reviewable on appeal unless the court erroneously believed that it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Moore alleges that the district court did in fact misapprehend its authority to depart because it used the wrong version of the Guidelines. We disagree.

_____

**1** See U.S. Sentencing Guidelines Manual § 5K2.13, p.s. (1998).

2

Moore's presentence report was prepared in April 1998 using the 1997 version of the Guidelines. Because of various delays, Moore's sentencing hearing was not held until November 18, 1998. On November 1, 1998, the 1998 version of the Guidelines, which incorporated Amendment 583, became effective. Amendment 583 changed the wording of § 5K2.13. According to the commentary, the purpose of the amendment was twofold: (1) to resolve a conflict between the circuits "regarding whether the diminished capacity departure is precluded if the defendant committed a `crime of violence' as that term is defined in the career offender guideline;" and (2) to add a definition of the term "significantly reduced mental capacity."[2]

Contrary to Moore's bald assertions, we find nothing in the transcript of the sentencing hearing to tell us which version of the Guidelines the district court used.[3] Therefore, Moore has failed to show that the district court erroneously used the wrong version. More importantly, we find that the district court's analysis was sound under either version. It was undisputed that Moore had the capacity to understand the criminality of his actions. The defense theory at trial was that Moore lacked the mental capacity to make reasonable decisions. The district court expressly rejected this theory based on Moore's conversations with investigators and the probation officer and his handling of complex business transactions. We construe this to be a finding that Moore did not suffer from a "significantly reduced mental capacity" as that term is defined in the Guidelines. [4] Finally, under the 1998 version of the Guidelines, the amount of any departure should reflect the extent to which the defendant's mental capacity contributed to the commission of the offense. In the present case, the district court expressly found that there was no correlation between the two. This finding supports the court's decision that no departure was warranted.

In short, we find that the district court recognized its authority to depart and properly analyzed the evidence in accordance with the

_____

**2** **See** USSG Supplement to Appendix C, amendment 583, comment.
**3** The Government argues that we should review this issue for plain error because Moore did not address the difference between the two versions of the Guidelines at sentencing. For reasons discussed later in this opinion, we find it unnecessary to comment on this aspect of the issue.
**4** **See** USSG § 5K2.13, comment. (n.1) (1998).

3

appropriate Guideline provision. As a result, its decision not to depart is not reviewable. We therefore affirm Moore's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4